HJELM, J.,
with whom ALEXANDER, J., joins, concurring.
[¶ 31] I concur with all but one aspect of the Court’s opinion. I believe that D’Amato’s constitutional challenge to the trial court’s conditional order automatically changing the primary physical residence of the parties’ child is moot. Consequently, I respectfully disagree with the Court’s willingness to address the merits of that issue and would dismiss it as non-justiciable.
*454 [¶ 32] The trial court was faced with changing testimony from D’Amato about her plans to relocate to Italy. Nonetheless, it was required to adjudicate the parties’ dispute about where their child would reside primarily. In its judgment, the court described D’Amato’s various plans and the limited duration of the resulting order in the following way:
... [D’Amato] intends to move to Italy in 2013. While she was initially adamant in her position that she would move to Italy with or without her daughter, when asked at the conclusion of her testimony whether she would move without her daughter she stated she was uncertain. She then presented an alternative approach to residency to the Court on the last day of trial which had her living in the United States approximately 7 months and living in Italy approximately 5 months. When asked whether this was the plan she would implement, she stated it was an option, rather than a plan she was definitely going to follow. It is unclear when she intends to leave. The Court is left with the quandary of not being clear on where [D’Amato] plans to live and when. This Order is based upon [D’Amato’s ] testimony that her relocation is imminent, and not based on a potential relocation that is a distant event.
(Emphasis added.) The court went on to order that the parties’ child will reside primarily with D’Amato in Maine unless and until she relocates to Italy. If she were to move to Italy “imminent[ly]” and not in the “distant” future, then the primary physical residence of the parties’ child would change automatically to Light’s home.
[¶ 33] As the parties advised the Court at oral argument, D’Amato has not moved to Italy and at least at that time still lived in Maine.
[¶ 34] The court issued its judgment on December 5, 2013. It did not define the temporal parameter of what it would consider to be an “imminent” relocation from Maine to Italy. Nonetheless, any imminence that began in December 2013 surely has passed. Light himself acknowledges this, even though on this appeal he advocates in support of the provision. When he filed his brief in June 2014, Light wrote that even then, any relocation by D’Amato to Italy would no longer have been imminent in relation to the date when the court issued its judgment.
[¶ 35] The duration of the relocation provision must also be gauged based on the reasons why it would go into effect. Because the relocation provision was automatic and self-executing, it is not surprising that the court limited its duration. That limitation ensured that an automatic change in the child’s primary physical residence would arise from the court’s determination, based on the evidence presented at trial, that the change would be in the child’s best interests. Because of the amount of time that has passed since the court issued its judgment, if the relocation provision of the judgment were still in effect today, the child’s primary physical residence would change automatically in circumstances that may well be different from the circumstances that existed when the court issued its judgment and that might not justify the change. Therefore, that portion of the judgment is no longer enforceable.
[¶ 36] In Malenko v. Handrahan, 2009 ME 96, 979 A.2d 1269, the Court was presented with the same argument that D’Amato raises here: that an automatic relocation provision in a divorce judgment interfered with the relocating parent’s constitutional right to travel. The parties in Malenko agreed that the provision changing primary physical residence had expired *455 as of the date the judgment was issued. The Malenko Court held that the dispute therefore was moot and not justiciable because it called for an examination of the constitutionality of a court order that was no longer effective.' Id. ¶ 26.
[¶ 87] The same situation exists here. D’Amato presents a constitutional challenge to the automatic relocation provision that is not in effect and that is no longer enforceable. The issue is therefore moot.[2] I would dismiss that part of D’Amato’s contention on appeal and not address its merits.

. If, in the future, D’Amato redevelops a plan to move to Italy and again seeks to retain primary physical residence of the child when she relocates, she will be required by .statute to provide Light with advance notice of that intention, see 19-A M.R.S. § 1653(14) (2013), just as the judgment in Malenko required. 2009 ME 96, ¶ 27, 979 A.2d 1269. That will allow the court, either on a contested basis or otherwise, to evaluate the circumstances and then determine whether the best interests of the child support a modification of the judgment. See 19-A M.R.S. §§ 1653(3), 1657; Sloan v. Christianson, 2012 ME 72, ¶ 38, 43 A.3d 978.